**JAMES DAVID LEE**

**6735 MEADOWCREST DR.**

**ARLINGTON, TEXAS 76002**

ORIGINAL

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – DALLAS**

James David Lee

       Plaintiff,

  vs.

EQUIFAX INFORMATION SERVICES, TRANS

UNION LLC, EXPERIAN INFORMATION

SOLUTIONS,  CSC CREDIT SERVICES, FIRST

PREMIER BANK,PORTFOLIO RECOVERY

AFFILITATED,APPLIED BANK,AT&T,AMERICAN

GENERAL FINANCIAL CORPORATION,CAPITAL

ONE BANK,CITI MORTGE,COLNIAL-ML,TIDE

FINANCE,INTERNAL REVENUE

SERVICE,OFFICE OF ATTORNEY GENERAL

Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Cause No: unassigned**

# 3-09CV1661-K

**COMPLAINT**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP  4 2009

CLERK, U.S. DISTRICT COURT

By _____
             Deputy

---

Upon information and belief, and in good faith, Plaintiff, James David Lee alleges as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit
    Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt Collections Practices Act

("FDCPA").  Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs.

## JURISDICTION

2.  The jurisdiction of this court is conferred by 15 U.S.C., 1681 (p) and 28 U.S.C. 1331.  Venue lies in Tarrant County in the U.S. District Court, Northern District of Texas – Dallas.

## PARTIES

3.  Plaintiff James David Lee (hereinafter "I" or "Plaintiff") is a resident of Arlington, Texas.  Plaintiff is a "Consumer" as defined by FCRA 1681(a) of the FCRA.

4.  Defendant Trans Union LLC (hereinafter "Trans Union") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f).  Trans Union is authorized to do business in the State of Texas, with its principal place of business located at 555 West Adams, Chicago, Illinois 60661.

5.  Defendant Experian Information Solutions (hereinafter "Experian") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f).  Experian is authorized to do business in the State of Texas, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

6.  Defendant Equifax Information Services LLC (hereinafter "Equifax Information Services") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f).  Equifax Information Services is authorized to do business in the State of Texas, with its principal place of business located at 1550 Peachtree Street, NW Atlanta, Georgia 30309.

7.  Defendant PORTFOLIO RECOVERY AFFILATED; is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a (u).  PORTFOLIO RECOVERY AFFILATED is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8.  Upon information and belief, Defendant CITI MORTGAGE, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer and/or other financial institutions.

9.  Upon information and belief, Defendant APPLIED BANK is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

10.  Defendant Internal Revenue Service is a "furnisher" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a (u) and is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

11.  Defendant PORTFOLIO RECOVERY AFFILATED is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

12.  Upon information and belief, Defendant FIRST PREMIER BANK is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business

furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

13. Upon information and belief, Defendant <u>APPLIED BANK</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

14. Upon information and belief, Defendant <u>AT&T</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

15. Upon information and belief, Defendant <u>AMERICAN GENERAL FINANCIAL</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

16. Upon information and belief, Defendant <u>CAPITAL ONE BANK</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

17. Upon information and belief, Defendant <u>COLNIAL ML</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

## FACTUAL ALLEGATIONS

18. Plaintiffs has requested and received copies of his credit report and each defendant listed in Plaintiffs complaint is reporting erroneous, adverse, inaccurate, incorrect, fraudulent and incomplete data regarding Plaintiff's name, resident, employment, credit worthiness, financial transactions and business relationships to potential creditors which has in part caused Plaintiffs to be denied credit.

19. On or about August 5, 2009, I immediately notified the Experian, Equifax Information Services, and Trans Union and ordered copies of my credit reports.

20. On or about August 8, 2009, I received copies of my credit reports which showed erroneous, inaccurate, and fraudulent data regarding my persons and financial and business transactions.

21. I have made numerous attempts to contact the above defendants to rectify and resolve my concerns to no avail.

22. Plaintiff has since received notices denying credit, refinancing and opening a checking account based on information obtained in consumer reports from Experian, Trans Union, Equifax Information Services and CSC Credit Services. All of which are reporting inaccurate, fraudulent, erroneous and adverse information regarding Plaintiff's credit worthiness and banking transactions.

23. As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, fraudulent and adverse information to the credit reporting agencies and as a direct result and proximate cause of credit reporting agency(s) reporting erroneous, inaccurate, fraudulent and adverse information, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

24. On or about July 28, 2008, I immediately notified the Experian, Equifax Information Services, and Trans Union and ordered copies of my credit reports.

25. On or about August 8, 2009, I received copies of my credit reports which showed erroneous, inaccurate, and fraudulent data regarding my persons and financial and business transactions.

26. I have made numerous attempts to contact the above defendants to rectify and resolve my concerns to no avail.

27. Plaintiff has since received notices denying credit, refinancing and opening a checking account based on information obtained in consumer reports from Experian, Trans Union, Equifax Information Services and CSC Credit Services. All of which are reporting inaccurate, fraudulent, erroneous and adverse information regarding Plaintiff's credit worthiness and banking transactions.

28. As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, fraudulent and adverse information to the credit reporting agencies and as a direct result and proximate cause of credit reporting agency(s) reporting erroneous, inaccurate, fraudulent and adverse information, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

## CAUSE OF ACTION

29. Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.

30. Trans Union LLC continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

31. Trans Union LLC continues to withhold, and/or intentionally, maliciously, and negligently not report positive credit information that it previously reported resulting in defamation and causing financial injury.

32. Trans Union LLC willfully and negligently reinserted removed items on Plaintiff's consumer credit report without notifying Plaintiff in writing within 5 business days in violation of FCRA (A)(5)(B)(ii).

33. Trans Union LLC continues to willfully, maliciously, and negligently violate FCRA 1681(e)(b), on multiple occasions.

34. As a result of Trans Unions actions, Plaintiff has been damages.

35. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

36. Trans Union LLC failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

37. Trans Union LLC; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

38. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

39. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

40. Experian continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

41. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

42. Experian failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

43. Experian failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

44. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

45. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

46. Equifax Information Services Information Services continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

47. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

48. Equifax Information Services failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

49. Equifax Information Services failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

50. As a result of Equifax Information Services negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

51. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

52. <u>Dish Network;</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

53. <u>Dish Network.;</u> willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

54. <u>American General ;</u> willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

55. <u>AMERICAN GENERAL FINANCIAL</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

56. <u>AMERICAN GENERAL FINANCIAL</u> willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

57. <u>AT& T;</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

58. <u>Trophy Nissan</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and s willfully and negligently failed to validate Plaintiffs allege debt and continue to report to Credit Bureau in violation of sections 1681b (a) (3) (F).

59. <u>Trophy Nissan;</u> willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

60. <u>Internal Revenue Service;</u> willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

61. <u>At &T;</u> willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiffs credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

62. <u>Credit Plus;</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b(a)(3) (F).

63. <u>TW Cable</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

64. <u>Conn Credit</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

65. <u>CAPITAL ONE BANK</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

66. <u>Sterling</u> willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).

67. <u>CAI LP;</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

68. <u>CBD;</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a )(3) (F).

69. <u>FDC;</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

70. <u>PORTFOLIO RECOVERY AFFILATED;</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

71. <u>NOW COM;</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

72. <u>CBDELMARVA,</u> willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a.   Actual damages in an amount to be shown at trial;

b.   Statutory damages pursuant to FCRA 1681n;

c.   Punitive damages pursuant to FCRA 1681n;

d.   Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;

e.   Costs and reasonable attorney's fees; and

f.   Such other relief as may be just and proper.

*James Lee*

James David Lee
Pro Se



James Lee
6735 Meadow Crest
Arlington, Tx 76002

RECEIVED
SEP - 4 2009

United States District Court
Northern District of Texas
1100 Commerce Street   Room 1452
Dallas, Texas 75242

Clerks Office

≋JS 44  (Rev. 12/07)                           **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**   3-09CV1661-K

**(b)** County of Residence of First Listed Plaintiff   TARRANT
(EXCEPT IN U.S. PLAINTIFF CASES)

RECEIVED

SEP – 4 2009

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

County of Residence of First Listed Defendant   TARRANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)   3:09CV1661–K/BD

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ❑ 1   U.S. Government   Plaintiff
- ❑ 3   Federal Question   (U.S. Government Not a Party)
- ❑ 2   U.S. Government   Defendant
- ☒ 4   Diversity   (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ❑ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ❑ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900 Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | Alien Detainee | | ❑ 950 Constitutionality of |
| | Other | | ❑ 465 Other Immigration | | State Statutes |
| | ❑ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from another district (specify)
- ❑ 6 Multidistrict Litigation
- ❑ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
VIOLATION OF THE FCRA -15 U.SC. 1681 ET SEQ
Brief description of cause:
REPORTING FRAUDLENT, ADVERSE AND INACCURATE, ERRONEOUS INFROMATIN ON CREDIT

**VII. REQUESTED IN COMPLAINT:**

❑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❑ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):   JUDGE   *James David Lee*   DOCKET NUMBER

DATE
8·27-09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____