IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES DAVID LEE
    Plaintiff

v.

EQUIFAX INFORMATION SERVICES, TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, CSC CREDIT SERVICES, FIRST PREMIER BANK, PORTFOLIO RECOVERY AFFILIATED, APPLIED BANK, AT&T, AMERICAN GENERAL FINANCIAL CORPORATION, CAPITAL ONE BANK, CITI MORTGAGE, COLONIAL-ML, TIDE FINANCE, INTERNAL REVENUE SERVICE, OFFICE OF ATTORNEY GENERAL
    Defendant

CASE NO:
3:09-cv-01661-K-DB

**DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS
UNDER RULES 12(B)(4), 12(B)(5), AND 12(B)(6) OR IN THE ALTERNATIVE
MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW, Defendant Trans Union LLC, ("Trans Union"), and files this, its Motion to Dismiss Plaintiff's Complaint ("Complaint") pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure and asks the Court to dismiss this matter against Trans Union in its entirety. Alternatively, Trans Union requests a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

**I.**

**FACTUAL BACKGROUND**

On or about September 10, 2009, *pro se* Plaintiff James David Lee sued Equifax Information Services, Trans Union LLC, Experian Information Solutions, CSC Credit Services, First Premier Bank, Portfolio Recovery Affiliated, Applied Bank, At&T, American General Financial Corporation, Capital One Bank, Citi Mortgage, Colonial-Ml, Tide Finance, Internal Revenue Service, Office Of Attorney General, seeking damages,

injunctive relief, and attorney's fees for alleged reporting of erroneous, inaccurate, and fraudulent data on his credit reports[1]. Plaintiff generally alleges violations of the federal Fair Credit Reporting Act ("FCRA") but fails to provide any factual support.

## II.

## MOTION TO DISMISS UNDER RULES 12(B)(4) AND 12(B)(5)

Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5) for insufficient process and insufficient service of process. Federal Rule of Civil Procedure 4(c) states that "[a] summons must be served with a copy of the complaint." Here, Plaintiff failed to serve Trans Union with a summons. Instead, on September 14, 2009, Trans Union received a letter from Plaintiff stating that he had filed a lawsuit in the Northern District of Texas and enclosing only the first page of his filed Complaint. Trans Union was not properly served in this matter, and dismissal is appropriate under Rules 12(b)(4) and (b)(5). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir.2007) (citation omitted). Accordingly, this Court should dismiss Plaintiff's Complaint as to Trans Union.

## II.

## MOTION TO DISMISS UNDER RULE 12(B)(6) OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff presents no factual allegations in his Complaint, instead making generalized and

---

[1] Plaintiff also appears to seek relief from parties that were not named in the caption. Plaintiff lists Dish Network, Trophy Nissan, Credit Plus, TX Cable, Conn Credit, Sterling, CAI LP, CBD, FDC, NOW COM, and CBDELMARVA in the "Cause of Action" section of the Complaint (Docket # 1) and omits those names in the caption.

conclusory allegations against Trans Union. Such attempts are insufficient to notify Trans Union as to the basis of the claims asserted against it and as such, Trans Union's Motion to Dismiss should be granted. Further, this Court should dismiss Plaintiff's request for injunctive relief as a private plaintiff cannot seek declaratory or injunctive relief under the FCRA.

Alternatively, Plaintiff should be compelled to file a more definite statement as to his claims against Trans Union. As currently pled, Trans Union simply cannot respond to Plaintiff's Complaint without speculation that could potentially prejudice Trans Union's defense in this matter.

### III.

### **APPLICABLE LEGAL STANDARD**

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401-02 (5th Cir.1996). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir.1999).

When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). Specifically, a motion to dismiss will be granted when "the factual

averments do not justify recovery on some theory adumbrated in the complaint… ." *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 19 (1st Cir.2003). "The threshold for stating a claim may be low, but it is real." *Id*. "The complaint must therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory." *Id*.

## IV.

## ARGUMENTS AND AUTHORITIES

**A.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6)**

### 1.   Plaintiff's Complaint Wholly Fails to State Facts Sufficient to Support a Claim for Relief

Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. The United States Supreme Court recently confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Accordingly, to survive dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Here, Plaintiff does not explain how Trans Union violated the FCRA other than reciting the statutory language. Plaintiff does not make any factual averments against Trans Union. Plaintiff does not identify what accounts he is disputing on his Trans Union credit file, what is allegedly inaccurate with those accounts, when he made

TRANS UNION LLC'S MOTION TO DISMISS                                                                                                  4

2887680.2/SP/83057/0100/100509

disputes to Trans Union, whether Trans Union conducted an investigation, and the outcome of any such investigations. *See Eller v. Experian Info. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 74583 at *7-*8 (D. Colo. Aug. 20, 2009) (With respect to alleged "inaccurate information," the Court required Plaintiff "to identify the information that Trans Union supplied and the facts that show that the information provided by Trans Union was actually incorrect." Further, regarding the conclusory claim that Trans Union failed to follow reasonable procedures, the Court noted that Plaintiff should identify the "particular procedures that Trans Union should have used to verify information and a description of the FCRA requirements being invoked and the ways in which Trans Union failed to abide by them."). Accordingly, Plaintiff has failed to allege sufficient facts to support a cause of action under the FCRA, and the Court should dismiss his claims under Rule 12(b)(6).

**2. Plaintiff's Claim for Injunctive Relief Is Not Available under the FCRA**

Plaintiff's claim for injunctive relief should be dismissed because it is not authorized under the FCRA. *See Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir.2000); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with *Washington* that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]"); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy."); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA

because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA).

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA.  Neither section makes any mention of declaratory or injunctive relief.  Section 1681s(a) of the FCRA does grant the power to obtain injunctive relief, but only to the FTC.  *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act … by the Federal Trade Commission").  The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a).  If Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o.  *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

Accordingly, Trans Union respectfully requests that this Court follow the Fifth Circuit Court of Appeals, and find that the FCRA does not afford Plaintiff a right to declaratory or injunctive relief under the FCRA.  Trans Union further requests this Court dismiss Plaintiff's request for a declaratory judgment pursuant to Rule 12(b)(6).

**B.    ALTERNATIVELY, THE COURT SHOULD GRANT TRANS UNION'S MOTION FOR MORE DEFINITE STATEMENT AS TO PLAINTIFF'S COMPLAINT**

Alternatively, Trans Union requests that the Court compel Plaintiff to file a more definite statement as to any claims against Trans Union, thereby allowing Trans Union the ability to respond to such claims.  Again, Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claims showing that the pleader is entitled to relief… ."  For this reason, Federal Rule of Civil Procedure 12(e) provides that "if a

pleading …is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e).

A more definite statement is necessary because the basic pleading requirements under Rule 8 have not been met. Plaintiff's Complaint presents only conclusory allegations as to Trans Union without providing any factual support for such alleged violations. As a result, Trans Union cannot frame a responsive pleading without making assumptions about Plaintiff's allegations, which Trans Union is not required to do. As a Defendant, Trans Union is expected to respond to the pleadings in short and plain terms, asserting defenses and admitting or denying the averments upon which the adverse party relies. Fed. R. Civ. P. 8(b). As it stands, the Complaint does not provide allegations sufficiently definite to determine what Plaintiff's claims are premised on, and more importantly, does not provide Trans Union with the ability to properly state its defenses and comply with its obligations under Rule 8(b). Accordingly, should the Court not dismiss Plaintiff's Complaint in its entirety, Trans Union requests that Plaintiff be compelled to amend his FCRA claims against Trans Union and provide a more definite statement as to the basis of said claims.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Honorable Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, direct Plaintiff to provide a more definitive statement, within ten days after Notice of the Order and to strike Plaintiff's pleadings if he does not comply with the Order, and for such other relief as the Court deems necessary.

                Respectfully submitted,


*s/ Tiffany L. Cox*
**TIFFANY L. COX**
Texas State Bar No. 24050734
**STRASBURGER & PRICE, LLP**
2801 Network Blvd., Suite 600
Frisco, TX  75034
(469) 287-3921
(469) 227-6581
tiffany.cox@strasburger.com

***Counsel for Defendant, Trans Union LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None.

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

James David Lee  *(Via CM/RRR)*
6735 Meadowcrest Dr.
Arlington, TX 76002
***Plaintiff, Pro Se***

                        s/ *Tiffany L. Cox*
                        TIFFANY L. COX