IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DAVID LEE, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:09-cv-1661-K | |
| § | | |
| EQUIFAX INFORMATION SERVICES, § | | |
| ET AL., § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW, Defendant Experian Information Solutions, Inc., erroneously sued as Experian Information Solutions ("Experian"), and files this, its Motion to Dismiss Plaintiff's Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and asks the Court to dismiss this matter in its entirety or, at a minimum, dismiss Plaintiff's request for injunctive relief. Alternatively, Experian requests a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

**I.      BACKGROUND**

On or about September 4, 2009, Plaintiff, who is proceeding *pro se*, filed his Complaint with this Court against Equifax Information Services LLC, Trans Union LLC, Experian Information Solutions, Portfolio Recovery Affiliated, Citi Mortgage, Applied Bank, Internal Revenue Service, First Premier Bank, AT&T, American General Financial Corporation, Capital One Bank, and Colonial ML[1], attempting to allege various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et. seq. and seeking monetary damages and injunctive relief.

---

[1] It is uncertain whether Plaintiff seeks relief from companies named in the caption but not listed as parties in the Complaint (*see* Compl. 1–3) (listing CSC Credit Services and the Office of the Attorney General in the

This Court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff presents no factual allegations in his Complaint, instead making generalized and conclusory allegations against all Defendants collectively. These attempts are insufficient to notify Experian as to the basis of the claims asserted against it. Moreover, Plaintiff requests injunctive relief, a remedy not authorized under the FCRA. As such, this Court should grant Experian's Motion to Dismiss. Alternatively, Plaintiff should be compelled to file a more definite statement as to his claims against Experian.

## II.     APPLICABLE LEGAL STANDARD

This court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Power Entm't, Inc. v. Nat'l Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998) (stating that a claim is legally insufficient "if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief"). To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The relevant question is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not be

---

(continued…)

caption, but not in the "Parties" section of the Complaint) or against whom causes of action are asserted but not listed in the caption or "Parties" section of the Complaint. (*See* Compl) (asserting causes of action against Dish Network, Trophy Nissan, Credit Plus, TW Cable, Conn Credit, Sterling, CAI LP, CBD, FDC, NOW COM, and CBDELMARVA without reference to these entities in either the caption or "Parties" section of the Complaint).

sufficient to prevent a motion to dismiss. *Beavers v. Metro. Life Ins. Co.,* 566 F.3d 436, 439 (5th Cir. 2009). The complaint must therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory. *See John Doe 1 v. City of Wichita Falls,* No. 7:06-CV-106-R, 2007 WL 959028, at *1 (N.D. Tex. Mar. 30, 2007).

Applying this standard of review, this Court should dismiss Plaintiff's Complaint because it fails to state facts sufficient to support any cognizable claim for relief.

### III.  ARGUMENT AND AUTHORITY

#### A.  Plaintiff's Complaint Fails to State Facts Sufficient to Support a Claim for Relief.

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. The Supreme Court recently confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atl.*, 550 U.S. at 557. Accordingly, dismissal is appropriate when the plaintiff has not alleged enough facts to "raise a right to relief above the speculative level." *Id.* at 570. A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Plaintiff's Complaint completely fails to allege any facts to support his claims against Experian. Specifically, Plaintiff attempts to assert various violations of the FCRA, including the failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report and the failure to conduct a reasonable investigatation of Plaintiff's dispute(s). However, Plaintiff fails to include any factual averments as to Experian.

Plaintiff's Complaint contains less than a single page of factual allegations. Notably absent is the following information:

- What, if any, information on Plaintiff's Experian credit report was inaccurate;
- Plaintiff's reasons for believing the information was inaccurate;
- Whether Plaintiff filed any disputes with Experian regarding the alleged inaccurate information;
- Dates upon which Plaintiff filed disputes with Experian, if any;
- Whether Experian conducted a re-investigation in response to Plaintiff's dispute(s);
- The outcome of any re-investigations;
- Whether the alleged inaccurate information continues to report on Plaintiff's Experian credit report;
- Whether any creditors have accessed Plaintiff's Experian credit report; and
- What adverse credit decisions, if any, Plaintiff suffered due to the alleged inaccurate information on Plaintiff's Experian credit report.

Such information is critical to Plaintiff's claims under the FCRA but is wholly lacking from Plaintiff's Complaint.

In conclusion, Plaintiff's Complaint fails to state facts sufficient to support a claim for relief under the FCRA. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555.

### B.   Plaintiff's Claim for Injunctive Relief Is Not Available under the FCRA.

Plaintiff appears to be seeking injunctive relief from Experian. Plaintiff requests "[t]emporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information . . . ." (Compl. 6). This Court should dismiss Plaintiff's request for injunctive relief because it is not authorized under the FCRA. *See Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *McDonald v. Equifax, et. al.*, No. 3:08-CV-0547-B, 2008 WL 5156690, at *2 (N.D. Tex. Dec. 8, 2008) (holding private litigants may not seek injunctive relief under the FCRA).

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for non-compliance with the FCRA. Neither section makes any mention of declaratory or injunctive relief. Section 1681s(a) of the FCRA does grant the power to obtain injunctive relief, but only to the Federal Trade Commission. *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act . . . by the Federal Trade Commission"). The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *Washington*, 199 F.3d at 269.

Accordingly, Experian respectfully requests that this Court find that the FCRA does not afford Plaintiff a right to injunctive relief under the FCRA. Experian further requests that this Court dismiss Plaintiff's claims for injunctive relief against Experian pursuant to Rule 12(b)(6).

### C. In the Alternative, the Court Should Grant Experian's Motion for More Definite Statement as to Plaintiff's Complaint.

Alternatively, Experian requests that the Court require Plaintiff to file a more definite statement under Rule 12(e) as to any claims against Experian, thereby allowing Experian the ability to respond to such claims. Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claims showing that the pleader is entitled to relief . . . ." For this reason, Federal Rule of Civil Procedure 12(e) provides that "if a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." FED. R. CIV. P. 12(e).

A more definite statement is necessary because the basic pleading requirements under Rule 8 have not been met. Plaintiff's Complaint presents only conclusory allegations as to all

Defendants collectively, without providing any specific factual averments as to Experian's alleged violations of the FCRA.

As a result, Experian cannot frame a responsive pleading without making assumptions about Plaintiff's allegations, which Experian is not required to do. As a Defendant, Experian is expected to respond to the pleadings in short and plain terms, asserting defenses and admitting or denying the averments upon which the adverse party relies. FED. R. CIV. P. 8(b). As it stands, the Complaint does not provide allegations sufficiently definite to determine what Plaintiff's claims are premised on, and more importantly, does not provide Experian with the ability to properly state its defenses and comply with its obligations under Rule 8(b).

Accordingly, should the Court not dismiss Plaintiff's Complaint in its entirety, Experian requests that this Court order the Plaintiff to amend his FCRA claims against Experian and provide a more definite statement as to the basis of his claims.

WHEREFORE, PREMISES CONSIDERED, Defendant Experian respectfully requests that this Honorable Court dismiss Plaintiff's Complaint or Plaintiff's claim for injunctive relief pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, direct Plaintiff to provide a more definitive statement, within ten days after Notice of the Order and to strike Plaintiff's pleadings if he does not comply with the Order, and for such other relief as the Court deems necessary.

Dated: July 16, 2009                                           Respectfully submitted,


                                                               */s/* Erin N. Anderson
                                                               Erin N. Anderson
                                                               Texas State Bar No. 24040431
                                                               JONES DAY
                                                               2727 N. Harwood Street
                                                               Dallas, Texas, 75201
                                                               Telephone: (214) 969-2992
                                                               Facsimile: (214) 969-5100


                                                               ATTORNEY FOR DEFENDANT
                                                               EXPERIAN INFORMATION SOLUTIONS,
                                                               INC.


## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2009, I have mailed by United States Postal Service, Certified Mail, Return Receipt Requested the document to the following non-CM/ECF participants:


James David Lee
6735 Meadowcrest Dr.
Arlington, TX 76002
*Pro Se Plaintiff*

                                                               */s/ Erin N. Anderson*
                                                               ERIN N. ANDERSON

DLI-6273724v1